UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALONZO MOSLEY, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>EDWARD LEGENZA, )<br>JAMES LOONEY, and )<br>MICHAEL ADAMS )<br>  . )<br>) | No. 11 C 8633<br><br>Magistrate Judge Geraldine Soat Brown |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alonzo Mosley initially filed a one-count complaint alleging that defendant Officers Edward Legenza and James Looney are liable under 42 U.S.C. § 1983 for violating his Fourth, Fifth, and Fourteenth Amendment rights when they falsely detained him in December 2009. (Compl. ¶¶ 1, 8, 13.) [Dkt 1.][1] In December 2014, Mosley filed a second amended complaint in which he added Detective Michael Adams as a defendant, as well as a count of malicious prosecution against all three Defendants. (Second Am. Compl. at 6-10.) [Dkt 66.] Defendants moved to dismiss the second amended complaint as to Detective Adams pursuant to Fed. R. Civ. P. 12(b)(6). (Defs.' Mot.) [Dkt 73.][2] Mosley responded (Pl.'s Resp.) [dkt 87] and Defendants replied (Defs.' Reply)

---

[1] Mosley amended his complaint in May 2012, removing the Fifth Amendment claim. (First Am. Compl. ¶ 1.) [Dkt 20.] The parties then consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636. [Dkt 45.]

[2] While Defendants moved to dismiss the malicious prosecution claim only as to Adams, a dismissal of that claim against Adams would effectively be a dismissal of that claim against Legenza and Looney as well. Because the malicious prosecution claim fails as a matter of law, it fails as to all Defendants.

[dkt 90]. For the reasons set forth below, Defendants' motion is granted.

## BACKGROUND

The second amended complaint alleges the following relevant facts. On the morning of December 5, 2009, Mosley was stopped by Officers Legenza and Looney. (Second Am. Compl. ¶ 7.) A physical altercation ensued and Mosley was detained for allegedly biting Legenza's hand. (*Id*. ¶¶ 10, 13.) After Mosley was taken into custody on December 5, 2009, he was interrogated by Adams. (*Id.* ¶ 17.) During that interrogation, Adams noted that Mosley stated that he "did not bite police officer[;] he hurt his hand during struggle when all fell down." (*Id*.; Pl.'s Resp. Ex. 1.)[3] Approximately two weeks later, on December 21, Adams testified before a Cook County grand jury that Mosley admitted to him that he did bite Officer Legenza. (Second Am. Compl. ¶ 18.) On December 30, 2009, the grand jury indicted Mosley and charged him with two felony counts of aggravated battery to a police officer. (*Id.* ¶ 20; Pl.'s Resp. Ex. 3, Indictment in case No. 10 CR-16.) Each count carried a potential sentence of three to seven years. (Second Am. Comp. ¶ 20.) He was in custody for 29 days until his family raised the funds to post bail. (*Id.* ¶ 14.) More three years later, in February 2014, Mosley pled guilty in Illinois state court to a misdemeanor battery charge. (*Id.* ¶ 24.) The court accepted his plea and entered a final judgment on the matter. (*Id.*)

---

[3] Mosley attached six exhibits to his response to Defendants' motion. (Pl.'s Resp. Exs.) [Dkt 89]. Generally on a motion to dismiss, the court may only consider the complaint. *Rosenblum v. Travelbyus.com Ltd.,* 299 F.3d 657, 661 (7th Cir. 2002). However, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "'[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim.'" *Adams v. City of Indianapolis,* 742 F.3d 720, 729 (7th Cir 2014) (quoting *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994)). Mosley's Second Amended Complaint refers to each of the exhibits attached to his response. (*See* Second Am. Compl. ¶¶ 17, 18, 22-24.) Those exhibits are central to Mosley's claim for malicious prosecution and therefore the court will consider them on the present motion to dismiss without converting the motion into a motion for summary judgment. *See Adams*, 742 F.3d at 729.

Mosley's second amended complaint includes a passage from the transcript of proceedings on the day Mosley pled guilty (*Id.* ¶ 23), and he attaches the complete transcript as an exhibit to his response to the motion (Pl.'s Resp., Ex. 4, Tr. Feb 3, 2014). The transcript shows that Mosley entered into a plea agreement in which he pled guilty to two offenses that day. As part of the deal, the two felony counts in case No. 10 CR-16 were pled down to a Class A misdemeanor offense of "physical contact of an insulting or provoking nature" as to Legenza. (*Id.* at 4, 6.) The maximum sentence for that misdemeanor was 364 days in custody, which was the sentence Mosley received for that charge. (*Id*. at 6, 7.) Under the second part of the deal, multiple felony counts against Mosley in another case, No. 13 CR-11398, including counts that carried a potential sentence of three to ten years, were pled down to a single felony count of aggravated unlawful use of a weapon. (*Id*. at 4, 7.) That charge carried a potential sentence of one to three years in custody, and Mosley received a sentence of three years. (*Id*. at 6-7.) He received credit for the 286 days he had been in custody, much of which was presumably on case No. 13 CR-11398. (*Id*. at 11-12.)

**LEGAL STANDARD**

A complaint will survive a Rule 12(b)(6) motion to dismiss if it provides a short, plain statement of the claim demonstrating that the plaintiff is entitled to relief and provides sufficient notice of the claim and its basis to the defendant. Fed. R. Civ. P. 8(a)(2). To show that she is entitled to relief, the plaintiff must show that relief is plausible, not merely speculative. *INEOS Polymers, Inc. v. BASF Catalysts*, 553 F.3d 491, 498 (7th Cir. 2009). No heightened fact pleading is required, but the complaint must contain enough facts to state a claim that relief is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). In reviewing a motion to dismiss, the court views the complaint in the light most favorable to the plaintiff, accepting all well-

pleaded facts as true and drawing all possible inferences in the plaintiff's favor. *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271 (7th Cir. 2014).

**DISCUSSION**

Defendants raise five arguments why Mosley's claim of malicious prosecution should be dismissed: (1) Mosley's allegations do not meet the legal standard for malicious prosecution; (2) § 1983 is an improper avenue for relief; (3) the statute of limitations for a malicious prosecution claim has lapsed; (4) Mosley cannot raise a *Brady* claim; and (5) Adams' grand jury testimony is protected by absolute immunity. (Defs.' Mot. at 4-13.) Because Defendants are correct that Mosley cannot establish all of the elements of a malicious prosecution claim, it is not necessary to consider Defendants' other arguments..

To state a claim for malicious prosecution under Illinois law, Mosley must allege: "(1) commencement of criminal proceedings by the defendants; (2) termination of that matter in favor of the plaintiffs; (3) the absence of probable cause for the proceedings; (4) the presence of malice; and (5) resulting damages." *Gonzalez v. City of Elgin,* 578 F.3d 526, 541 (7th Cir. 2009) (citing *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996)).[4] "All of these elements must be present; the absence of even one element will preclude recovery for malicious prosecution." *Logan v. Caterpillar, Inc.,* 246 F.3d 912, 921 (7th Cir. 2001).

One required element of a malicious prosecution claim is that the proceeding terminated in

---

[4] Because Illinois state tort law provides a remedy for malicious prosecution, there is no constitutional theory of malicious prosecution available to Mosley. *Parish v. City of Chicago*, 594 F.3d 551, 552 (7th Cir. 2009). Although Mosley's second amended complaint is not explicit on that point, his response makes clear that he is bringing a state law claim of malicious prosecution. (Pl.'s Resp. at 14-15.)

Mosley's favor "in a manner implying innocence." *Bridewell v. Eberle,* 730 F.3d 672, 677 (7th Cir. 2013). '[A] malicious prosecution action cannot be predicated on underlying criminal proceedings which were terminated in a manner not indicative of the innocence of the accused." *Swick*, 662 N.E. 2d at 1242 (citations omitted). Notwithstanding his agreement to the plea bargain described above, Mosley claims that "the original charges of aggravated battery to Defendant Leganza by reason of Plaintiff biting him were resolved in favor of Plaintiff" because the original felonies charged were dismissed. (Second Am. Compl. ¶ 25.) He argues that the dismissal of those charges and the guilty plea to a different offense is a sufficient basis to establish that the original felony was resolved in his favor. (Pl.'s Resp. at 15.)

Mosley asserts that the original charges were "*nolle pros'd.*" (Pl.'s Resp. at 15.) "A *nolle prosequi* is a formal entry of record whereby the prosecuting attorney declares that he is unwilling to prosecute a case." *Foryoh v. Hannah-Porter*, 428 F. Supp. 2d 816, 824 (N.D. Ill. 2006) (quoting *Ferguson v. City of Chicago*, 820 N.E.2d 455, 460 (Ill. 2004)). A prosecution that is formally abandoned by the prosecution may, under some circumstances, be considered to have terminated in favor of the accused. *See Swick*, 662 N.E.2d at 1242-43. But "[t]he abandonment of the proceedings is not indicative of the innocence of the accused when the *nolle prosequi* is the result of an agreement or compromise." (*Id.*).

There is no allegation in the complaint or evidence in the transcript that the state was unwilling to prosecute case No. 10 CR 16. Rather, Mosley and the government agreed that the indictment in that case would be amended to reflect the misdemeanor statute rather than the felony statute. (Tr. Feb. 3, 2014 at 4.)

"A prosecutor's dismissal of a criminal charge *may* imply innocence, but *Swick* added that it does not do so when it is part of a plea bargain." *Bridewell*, 730 F. 3d at 677 (emphasis in the

original).  Here, one felony count was dismissed as part of a plea bargain under which Mosley pled guilty to the other count, which was amended by agreement to change it to a misdemeanor.  The case did not terminate in Mosley's favor.  Because Mosley cannot establish the elements of a malicious prosecution claim, count two of the second amended complaint must be dismissed with prejudice.  There is no need for the court to address the Defendants' other arguments.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss [dkt 73] is granted.  Count two of Plaintiff's second amended complaint, the malicious prosecution claim against Detective Adams and Officers Legenza and Looney, is dismissed with prejudice.

_____
Geraldine Soat Brown
United States Magistrate Judge

Date: November 10, 2015