IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALONZO MOSLEY, | ) |
| | ) No. 11 C 8633 |
| Plaintiff, | ) |
| | ) Magistrate Judge M. David Weisman |
| v. | ) |
| | ) |
| EDWARD LEGENZA and | ) |
| JAMES LOONEY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues defendants pursuant to 42 U.S.C. § 1983 for conducting an illegal investigatory stop and arresting him in violation of the Fourth Amendment.[1] Defendants have filed a Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment on these claims. For the reasons set forth below, the Court grants in part and denies in part defendants' motion.

### Local Rule 56.1

Before the Court addresses the substance of defendants' motion, we first address a significant procedural issue that informs significant aspects of the Court's decision. This Court's Local Rule 56.1 requires the party moving for summary judgment to submit "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." LR 56.1(a)(3). It requires the party opposing the motion to respond to each fact asserted in the movant's statement and, in the case of any disagreement, to include "*specific references* to the affidavits, parts of the record, and other supporting materials" upon which the opposing party relies. LR 56.1(b)(3)(B) (emphasis added).

---

[1] Plaintiff also asserts an excessive force claim, which is not the subject of this motion, and asserted a malicious prosecution claim, which was dismissed on November 10, 2015. (*See* 11/10/15 Mem. Op. & Order at 6.)

The opposing party may also file "a statement . . . of any additional facts that require the denial of summary judgment." LR 56.1(b)(3)(C). If the opposing party avails itself of the opportunity to file additional facts pursuant to LR 56.1(b)(3)(C), the moving party must respond to each fact asserted in the statement and, in the case of any disagreement, include "specific references to the affidavits, parts of the record, and other supporting materials" upon which the movant relies. LR 56.1(a)(3). If any party fails to follow the dictates of the local rule with respect to the other party's fact statement, the party is deemed to have admitted the facts asserted by the other party. LR 56.1(a)(3), (b)(3)(C). The Court is permitted to, and does, strictly enforce Local Rule 56.1. *See Ammons v. Aramark Unif. Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) ("We have . . . repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1.") (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000), *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994)).

Plaintiff repeatedly fails to dispute defendants' statements of uncontested fact with specific references to the record. Instead, he cites entire exhibits, for example, "Plaintiff Exhibits 4 and 5," as support for various "disputes." (*See* Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 6-7, 9-10, 12-16.) Exhibits 4 and 5, respectively, are twenty and seventy-four page transcripts of testimony. Citing to the transcripts in their entirety, rather than to specific line or page numbers, violates Local Rule 56.1. *See Ammons*, 368 F.3d at 817-18 ("Citations to an entire transcript of a deposition or to a lengthy exhibit are not specific and are, accordingly, inappropriate. A court should not be expected to review a lengthy record for facts that a party could have easily identified with greater particularity."). Because plaintiff did not controvert the facts asserted in paragraphs 6-7, 9-10, and 12-16 of Defendants' Fact Statement with citations to specific parts of the record as the local rule requires, the Court deems plaintiff to have admitted these facts.

**Undisputed Facts**

On December 5, 2009, defendant-police officers were in uniform on patrol near 5510 S. Damen, a "high traffic narcotics area," when defendant Legenza saw plaintiff loitering in an alley. (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 3-7.) Legenza approached plaintiff, and as he did so, plaintiff grabbed at his waistband. (*Id.* ¶¶ 8-9.) Legenza told plaintiff to remove his hands, and plaintiff "began tussling with Legenza," and "flailing his arms." (*Id.* ¶¶ 10, 13-14.) Legenza grabbed plaintiff by the right arm and put him on the ground. (*Id.* ¶ 16.) Plaintiff continued to flail his left arm, which hit Legenza. (*Id.* ¶ 17.) Defendants handcuffed plaintiff, put him in the patrol car, and took him to the police station. (*Id.* ¶¶ 18, 20-21.)

On December 30, 2009, plaintiff was indicted on two counts of aggravated battery to a police officer. (*Id.* ¶ 22.) Subsequently, plaintiff filed a motion to quash the arrest, arguing that defendants had no right to stop and question him. (*Id.* ¶¶ 23, 26.) The state court judge denied the motion. (*Id.* ¶ 27.)

On February 3, 2014, as a result of a plea agreement, plaintiff pleaded guilty to the misdemeanor offense of having "physical contact of an insulting or provoking nature" with Legenza. (*Id.* ¶ 29.)

**Plaintiff's Claims**

As defendants suggest, plaintiff's complaint is not a model of pleading clarity. (*See* Defs.' Mem. Law Supp. Jt. Mot. Summ. J. at 4 (inferring a claim based on initial *Terry* stop but noting the pleading is "unclear").) Defendants discern discrete claims based on the initial stop of plaintiff and plaintiff's arrest. We agree that the Complaint should be read in this manner. Defendants separately address each of these claims and argue for qualified immunity as to each of them.

**Discussion**

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, the Court does not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court views all evidence and draws all reasonable inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

***Terry* Stop Claim**

Defendants argue that the state court, in denying plaintiff's motion to quash, held that defendants lawfully conducted, or attempted to conduct, a *Terry* stop. Defendants further argue that the state court's ruling precludes plaintiff from claiming in the instant lawsuit that defendants' conduct as to the *Terry* stop was unconstitutional. Specifically, relying on the doctrine of collateral estoppel (or issue preclusion), defendants assert that plaintiff is barred from re-litigating the *Terry* stop under the guise of a § 1983 claim. (*See* Defs.' Reply Supp. Mot. Summ. J. at 6-7.) "To determine whether issue preclusion applie[s], we look to the preclusion law of the state where the judgment was rendered," *Adams v. Adams*, 738 F.3d 861, 865 (7th Cir. 2013), in this case, Illinois. Under Illinois law:

> The doctrine of [issue preclusion] requires a defendant to establish (1) that the issue decided in the prior action was identical to the one presented in the suit in question; (2) that a court of competent jurisdiction rendered a final judgment on the merits in the prior action; (3) that the party against whom the doctrine is asserted was a party to the prior action or in privity with such a party; and (4) that the factual issue against which the doctrine is interposed has actually and necessarily been litigated and determined in the prior action.

*Talarico v. Dunlap*, 667 N.E.2d 570, 572 (Ill. App. Ct. 1996), *aff'd*, 685 N.E.2d 325 (Ill. 1997). Moreover, "the Illinois doctrine of [issue preclusion generally] bars litigation of an order rejecting a pretrial challenge to the constitutional validity of a search or an arrest . . . . whether the suppression issue litigated arises in separate criminal trials . . . or in the course of a civil proceeding." *See Stevenson v. City of Chi.*, 638 F. Supp. 136, 139 (N.D. Ill. 1986) (specifically noting, however, that collateral estoppel is an equitable doctrine "subject to limitations where fairness and justice require"). The issue preclusion doctrine does not, however, apply, if the person against whom it is asserted "had no opportunity to obtain a review of the . . . ruling" made in the first trial because he was acquitted. *People v. Mordican*, 356 N.E.2d 71, 73-74 (Ill. 1976). Though the Illinois Supreme Court has not addressed the issue, state appellate courts, as well as courts in this district, have held that the reasoning of *Mordican* applies equally to parties who could not appeal pretrial rulings because they pleaded guilty.[2] *See People v. Griffin*, 453 N.E.2d 55, 58 (Ill. App. Ct. 1983); *People v. Stiles*, 420 N.E.2d 1204, 1207 (Ill. App. Ct. 1981); *see also White v. Foley*, No. 12 C 3136, 2016 WL 4530152, at *2 (N.D. Ill. Aug. 30, 2016); *Kyle v. Patterson*, No. 95 C 137, 1996 WL 420277, at *1-2 (N.D. Ill. July 25, 1996) (guilty plea prevented review of suppression of ruling and therefore collateral estoppel not applicable); *Mars v. Mormann*, No. 92 C 7941, 1993 WL 211368, at *3-4 (N.D. Ill. June 15, 1993) (guilty plea insulates from review the suppression ruling and therefore collateral estoppel not applicable). The Court finds the reasoning of these cases persuasive and thus holds that plaintiff is not collaterally estopped from litigating the legality of the initial stop.

---

[2]Plaintiff's right to appeal was contingent on his filing and the trial court's granting a motion to withdraw his guilty plea "to correct a manifest injustice." *People v. Dougherty*, 915 N.E.2d 442, 447 (Ill. App. Ct. 2009); *see* Ill. Sup. Ct. R. 604(d) ("No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court . . . a motion to withdraw the plea of guilty and vacate the judgment.").

Plaintiff pleaded guilty to the misdemeanor offense of battery and was subsequently sentenced to 364 days in jail. (*See* Defs.' Jt. Stmt. Undisputed Facts, Ex. 4, 2/3/14 Hr'g Tr. at 7, *People v. Mosley*, Nos. 13 CR 11298-01 & 10 CR 00016-01 (Cir. Ct. Cook Cnty.).) Because of plaintiff's decision to plead guilty, he was denied the ability to appeal the pretrial ruling regarding the legality of the *Terry* stop that led to his arrest and subsequent prosecution. As noted *supra*, collateral estoppel is an equitable doctrine. From an equitable vantage point, plaintiff was forced to choose between a presumptively more favorable plea deal and his right to seek review of his *Terry* stop claim. Because a decision to plead guilty to a criminal charge involves a number of more important considerations beyond preserving a claim of unconstitutional conduct, denying plaintiff the right to vindicate his alleged constitutional claim based on collateral estoppel would not be equitable in this instance.

Defendants also argue that they are entitled to qualified immunity as to the *Terry* stop claim. While summary judgment is an appropriate mechanism to raise qualified immunity, *see e.g.*, *Locke v. Haessig*, 788 F.3d 662 (7th Cir. 2015) (appeal from the denial of summary judgment based on qualified immunity), we find defendants' legal arguments for qualified immunity unavailing. Defendants rely on *Ramos v. City of Chicago,* 716 F.3d 1013 (7th Cir. 2013) for the proposition that "[s]ince the officers had probable cause, they also necessarily had reasonable suspicion that justified a *Terry* stop." (Defs.' Mem. Law Supp. Jt. Mot. Summ. J. at 13). While *Ramos* provides some facial support for defendants' legal position, upon closer review, the underlying logic of this case is not applicable here.

*Ramos* involved a situation where law enforcement officers conducted a *Terry* stop that was based on information provided by a third party about an ongoing crime. The articulated basis for the *Terry* stop was part and parcel of an ongoing and developing criminal investigation.

6

Here, the defendants approached plaintiff because they believed plaintiff was loitering. (Defs.' Stmt. Undisputed Facts ¶¶ 3-7.) It is undisputed that, when the officers approached him, Mr. Mosley flailed his arms and made contact with defendant Legenza, the conduct that was the basis for his arrest and conviction. (*Id*. ¶¶ 14-17.) The fact that Mr. Mosley responded unlawfully to the officers' attempted *Terry* stop does not make the stop itself lawful. In other words, plaintiff's resistance to the attempted stop does not suggest that the stop was based on "arguable" articulable suspicion, which would support a qualified immunity finding. *See Rouei v. Vill. of Skokie*, 61 F. Supp. 3d 765, 778 (N.D. Ill. 2014) ("[Q]ualified immunity exists in a false arrest case where there is 'arguable' probable cause, *see, e.g.*, *Huff* [*v. Reichert*], 744 F.3d [999,] at 1007 [(7th Cir. 2014)], and thus it likely exists in a false *Terry* stop case where there is 'arguable' reasonable suspicion."). That plaintiff resisted the officers' attempt at an investigatory stop does not mean that the officers' initial assessment of the situation is protected by qualified immunity. Indeed, *Ramos* itself recognizes that an officer's assessment of "reasonable articulable suspicion" and "probable cause" are dynamic concepts connected to evolving facts. *Ramos,* 716 F.3d at 1017. Therefore, we deny defendants' request for qualified immunity as articulated in the pending motion.

## False Arrest Claim

The Court agrees with defendants, however, that plaintiff's false arrest claim is barred by the existence of probable cause. *See Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 679-80 (7th Cir. 2007) (stating that "a Fourth Amendment claim for false arrest is foreclosed" if "the [police] officer had probable cause to believe that the person he arrested was involved in criminal activity"). Defendants had probable cause to arrest plaintiff if "the facts and circumstances that [were] known to [them] reasonably support[ed] a belief that [plaintiff] ha[d]

7

committed, [was] committing, or [was] about to . . . commit a crime." *Id.* at 679. It is undisputed that at the time of his arrest, plaintiff was "flailing his arms" and "tussling with" Legenza, who was in uniform and on patrol, and that his "left arm . . . came into contact with Legenza." (Pl.'s LR 56.1(b)(3)(B) Stmt. ¶¶ 3, 13-14, 17.) Thus, the record establishes that defendants had probable cause to arrest plaintiff for battery, *i.e.*, "knowingly . . . mak[ing] physical contact of an insulting or provoking nature with an individual," or aggravated battery, *i.e.*, "committing a battery . . . [knowing that] . . . the individual battered [is] . . . [a] peace officer . . . performing his or her official duties." *See* 720 Ill. Comp. Stat. 5/12-3(a), 5/12-3.05(d)(4)(i). Because defendants had probable cause for the arrest, they are entitled to judgment as a matter of law on plaintiff's false arrest claim.[3]

## Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendants' motion for summary judgment [96]. The motion is granted as to the false arrest claim and denied as to the illegal stop claim. At the next status hearing, the parties should be prepared to set a trial date.

**SO ORDERED.**                         **ENTERED:   October 27, 2016**

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**

---

[3] Given this finding, the Court need not address defendants' alternative arguments, that they have qualified immunity from the false arrest claim or it is barred by the holding in *Heck v. Humphrey*, 512 U.S 477 (1994).