IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALONZO MOSLEY, | ) |
|        Plaintiff, | ) |
| | ) No. 11 C 08633 |
|    vs. | ) |
| | ) Magistrate Judge |
| EDWARD LEGENZA and | ) Weisman |
| JAMES LOONEY, | ) |
|        Defendants | ) |

**FINAL PRETRIAL ORDER**

The following categories of material are included:

1. Jurisdiction
2. Trial Attorneys
3. Case Statement
4. Relief Sought
5. Contested Issues
6. Witnesses
7. Exhibits
8. Type and Length of Trial
9. Proposed Voir Dire Questions
10. Proposed Jury Instructions
11. Stipulations
12. Settlement Status

This Order will control the course of trial and may not be amended except by consent of the parties or by order of the court to prevent manifest injustice.

/s/ Sheldon Nagelberg
   Attorney for Plaintiff
   53 W. Jackson Blvd., Suite 664
   Chicago, IL. 60604

/s/ Caroline Fronczak
   Attorney for Defendants
   30 N. LaSalle St., Suite 900
   Chicago, IL. 60602

1. <u>Jurisdiction</u>.  The jurisdiction of this Court  for this action is based
   upon 42 U.S.C.  1983, 28 U.S.C. 1343, and 28 U.S.C. 1343.
   Jurisdiction is not disputed.

2. <u>Trial Attorneys.</u>

    A.  For the Plaintiff:
        Sheldon Nagelberg
        53 W. Jackson Blvd., Suite 664
        Chicago, IL. 60604
        312-305-5278
        sbnagelberglaw@att.net

    B.  For the Defendants:
        (1) Caroline Fronczak
            Senior Counsel
            Assistant Corporation Counsel
            City of Chicago Law Department
            30 N. LaSalle Street, Suite 900
            Chicago, IL. 60602
            Phone: 312-744-5126
            caroline.fronczak@cityofchicago.org

        (2) Carla Kupe-Arion
            Assistant Corporation Counsel
            (same address as ACC Fronczak
            Phone: 312-744-8362
            carla.kupearion@cityofchicago.org

3. <u>Case Statement.</u>

This case concerns the claim of plaintiff Alonzo Mosley that on a December day, 2009, while walking to a store, he was stopped by defendant Chicago Police Officers Edward Legenza and James Looney without any lawful reason. Alonzo Mosley further claims that he protested the stop to Officers Legenza and Looney, and during the protest the defendant officers used excessive force causing injuries.

Defendants Edward Legenza and James Looney claim that they had a lawful right to stop plaintiff Alonzo Mosley, and that they were justified in using the force to detain and arrest Plaintiff.

4. <u>Relief Sought.</u>

At the time of his arrest plaintiff was recovering from the painful effects of an abdominal gunshot wound perpetrated by Darren Brown, who was charged with attempt murder. Plaintiff is the State's complaining witness in that cause. In addition to the abrasions to his face and extremities when he was slammed to the ground, the combination of pain from the residual effects of the abdominal wound, and the abrasions caused plaintiff to be treated at the Cermak Hospital section of the Cook County Jail.

The felony charge of aggravated battery to a police officer resulted in bond being set at $15,000, an amount which neither plaintiff or his family possessed. Plaintiff's mother was able to raise the bond money 26 days later, resulting in plaintiff being released from the Jail.

While in the Jail the plaintiff experienced pain from the abrasions and the slamming down to the ground which added pain to the healing process of the abdominal wound. While in the Jail the plaintiff was deprived of the relationship in raising his infant child, and the total of the pain and deprivation of freedom and the society of his infant child and family caused emotional distress.

Plaintiff is seeking the following damages:

A. $1500 for each day of incarceration in Cook County Jail. (26 days @ $1500 per day = $39,000)
B. Pain and suffering due to excessive force= $25,000.
C. Loss of society from infant daughter and family= $20,000.

D. Plaintiff seeks an award of $100,000 in punitive damages based upon the following evidence which plaintiff claims he will prove:
    (1). The unlawful stop by the defendant officers was done with deliberate indifference and callous disregard of the law, which they knew.
    (2) The defendants were emboldened by an agreement among themselves, and Detective Michael Adams, which would insulate the defendants

from answering for their unlawful conduct. This agreement specifically presented itself when defendants Legenza and Looney conferred with Detective Michael Adams when they bring the plaintiff into the District Station for booking. Although Det. Adams generates a General Progress Report in his own handwriting stating that plaintiff denies biting Legenza, Adams then tells the Felony Review States Attorney that plaintiff admitted to biting Legenza. 16 days later Det. Adams goes before a Cook County Grand Jury and testifies under oath that plaintiff admitted to him that he bit officer Legenza.

Defendants object to Plaintiff's claimed damages and Refer the Court to their motions *in limine*.

5. <u>Contested Issues.</u>

    a. Whether plaintiff was "loitering";

    b. Whether plaintiff refused to remove his hands from waist area;

    c. Whether plaintiff bit officer Legenza;

    d. Whether defendants spoke to Det. Adams after Adams conducts a post-Miranda interrogation of plaintiff at the District station.

    e. Whether the conduct of the defendants and the position of their vehicle signaled to plaintiff that he was not free to continue walking to his intended destination, but had to submit to the officers' authority.

    f. Whether the defendants had lawful right to stop the plaintiff.

    g. Whether the defendants' use of force was reasonable under the circumstances.

6. <u>Witnesses.</u>

    A.  Plaintiff's witnesses who will be called:
        (1) Plaintiff Alonzo Mosley
           (address will be provided)
        (2) Yolanda Mosley
           (address will be provided)
        (3) Edward Legenza (adverse witness)
        (4) James Looney  (adverse witness)
        (5) CPD Det. Michael Adams (adverse witness)
           Defendants objection: relevance, FRE 401,403.
        (6) CPD Officer Devan, Star 3871 (photographer of
           Edward Legenza)
           Defendants objection: cumulative. Defendants  agree
           to stipulate as to foundation of  photographs.
        (7) States Attorney Investigator Frank Amato, No 406
           (photographer of crime scene).
           Defendants objection: cumulative. Defendants agree
           to stipulate as to foundation of photographs.
        (8) Officer Parker, Star 17802 (photographer of
           Plaintiff depicting abrasions)
           Defendants objection: cumulative. Defendants
           agree to stipulate as to foundation of photographs.


    B.  Defendants' Witnesses.
      Will Call:
        (1) Edward Legenza-to be contacted through
           defense counsel.
        (2) James Looney-to be contacted through defense
           counsel.
      May Call:
        (1) Dr. Maria Vivian Sanchez-5660 W. 95th Street,
           Oak Lawn, IL.
           Plaintiff objection-refer to Motion *in limine*.
        (2)  PO Nicholas Forrestal-to be contacted through
           defense counsel.
        (3)  PO Juan Quezada-to be contacted through
           defense counsel.
        (4)  PO  Altman-to be contacted through defense
           counsel.
        (5)  Lock up Keeper D. Blair-to be contacted
           through  defense counsel.

7. <u>Exhibits</u>.

    A. Plaintiff's Exhibits:

        PX1 Photos of Edward Legenza taken by Off. Devan;

        PX2 Photos of plaintiff taken by Off. Parker;

        PX3 Photos of crime scene taken by SA Inves. Amato;

        PX4 Photos of crime scene and surrounding areas taken by atty. Sheldon Nagelberg, with foundation to be laid by plaintiff;

        PX5 Plaintiff's hand-drawn map depicting crime scene, and location of street, CPD vehicle, plaintiff, taken at plaintiff's deposition.

        PX6 General Progress Report authored by Det. Michael Adams documenting his post-Miranda interrogation of plaintiff, 10 CR 16 Defendants objection: relevance. FRE 401,403

        PX7 Transcript of sworn testimony of Det. Michael Adams before Cook County Grand Jury, People v. Mosley, 10 CR 16. Defendants objection: relevance. FRE 401,403. Defendants further object in that no Court order was secured in order to obtain the Grand Jury Transcipt, According to 725 ILCS 5/112-6(c)(3), disclosure of Illinois Grand Jury testimony is prohibited by law absent an order from an Illinois Court, and improper disclosure is punishable by a contempt of court action.

        PX8 Transcript of sworn testimony of Edward Legenza at suppression hearing, 10 CR 16. For refreshing recollection and impeachment.

        PX9 All Chicago Police reports generated by CPD regarding the stop, detention, arrest, and transport for medical treatment of plaintiff and defendant Legenza. For refreshing recollection impeachment. Defendants objection – Vague. Defendants request that Plaintiff identify the reports.

B. Defendants' Exhibits:

-Plaintiff requests that DX 1,2,3,5,6,11,12,13,14 be marked as Joint Exhibits

    (JX1)  Arrest Report FCRL0031-0032 (for refreshing recollection only)

    (JX2)  Officer Battery Report FCRL0036-0037 (for refreshing recollection only)

    (JX3)  Case Report FCRL0038-0039

    (DX4)  Transcript, *People v. Alonzo Mosely,* 10CR00016-01 03 February 2014 (for impeachment purposes and pursuant to Defendants' Motion in Limine regarding *Heck* and proposed *Gilbert* instruction) FCRL0374-0388. Plaintiff objects for reasons in his Motion in Limine

    (JX5) James Looney TRR FCRL0419-0420 (for refreshing recollection only)

    (JX6)  TRR Edward Legenza FCRL0461-0462 (for refreshing recollection only)

    (DX7) IPRA statement of Alonzo Mosely FCRL0480-0500 (for impeachment purposes only)

    (DX8) Medical Records – Little Company of Mary regarding Edward Legenza Treatment December 5, 2009 Plaintiff objects-hearsay.

    (DX9) Medical Records – Little Company of Mary regarding Alonzo Mosley Treatment December 5, 2009 Plaintiff objects-hearsay.

    (DX10) CV of Dr. Maria Vivian Sanchez Plaintiff objects for reasons in his Motion in Limine

    (JX11) Hand drawn diagram by Alonzo Mosely (deposition exhibit 1)

    (JX 12) Plaintiff's Answer to Defendant Legenza's Interrogatories and Declaration (For Impeachment or refreshing recollection)

    (JX13) Deposition of Alonzo Mosely (for impeachment and refreshing recollection only)

    (JX14)  Deposition of Maria Vivian Sanchez (for impeachment and refreshing recollection only)

Plaintiff also objects to DX7 on grounds Plaintiff agreed to Defendants' motion *in limine* prohibiting the plaintiff from testimony in his case in chief regarding the IPRA investigation.

10

8. <u>Type and Length of Trial.</u>

     The trial will be a jury trial, and plaintiff expects it to last approximately three days.

9. <u>Proposed Voir Dire</u>.

Plaintiff has no proposed voir dire.

Defendants:

1. Do you have a positive or negative opinion about the Chicago Police Department, Chicago police officers or any law enforcement agency or officers?

2. Are you aware of any negative or positive opinions by a close friend or family member about Chicago Police Department, Chicago police officers or any law enforcement agency or officers?

3. Have you, a member of your family or a close friend ever had a pleasant or unpleasant experience with a police officer or other law enforcement officer?

4. Do you have a negative or positive opinion about the City of Chicago or any municipality?

5. Are you aware of any negative or positive opinions by a close friend or family member about the City of Chicago or any municipality?

6. Have you, a member of your family or a close friend ever had an unpleasant or pleasant experience with any department within the City of Chicago?

7. Have you or a family member or a close friend ever sued, filed a complaint or claim against any police officer, law enforcement agency or municipality?

8. Have you, a family member or a close friend ever been arrested?

9. Can you follow the law that the court will give you even if you personally disagree with it?

10. Is there anyone that has a problem with the concept that the plaintiff is the only one with the burden of proof in this case?

11. Is there anyone that will be unable to hold the plaintiff to prove his burden of proof?

12. Are any of your family members or close friends attorneys? If yes, what type of law do they practice?

13. Are you a member of a civic group or organization?

14. Have you ever served on a jury before?  If yes, was it civil or criminal?  Were you a foreperson?

15. Have you, family member or close friend ever been involved in a lawsuit or a court-related proceeding, whether as a party or witness?

16. Do you believe that just because someone filed a lawsuit that they are entitled to money?

Plaintiff objects to Defendants' voir dire Nos. 10 and 11 as the Court will instruct the jury on the law.

10. <u>Proposed Jury Instructions.</u>

   Are attached as Exhibit A

11.  <u>Stipulations.</u>

1.      Plaintiff agrees to bar any evidence, testimony, argument, or inference regarding unrelated allegations of police misconduct in the media.

2.      Plaintiff agrees <u>conditionally</u> to bar any evidence or argument regarding the investigation into this case, or investigations in general by the Independent Police Review Authority of the Chicago police department, the discipline imposed (or lack thereof) as a result of said investigations.
See below explanation of condition.

3.      Plaintiff agrees to bar any evidence, testimony, and argument regarding other civil lawsuits, citizen complaints and/or disciplinary histories of Defendant officers and/or police personnel who may testify.

4.      Plaintiff  <u>conditionally</u> agrees to bar any testimony, evidence, or argument suggesting Defendants may be indemnified by the City of Chicago for any compensatory damages returned against them.
See below explanation of condition.

Explanation of Conditions:
>           No.2. Plaintiff agreed with defendants' motion in *limine* not to introduce evidence regarding the IPRA investigation. However, as noted in defendants' DX7, defendants seek to have the right to impeach plaintiff using his testimony before IPRA. Plaintiff claims that use of any part of the IPRA investigation opens the door to plaintiff's testimony Regarding IPRA.

>           No. 4  Plaintiff agreed with defendants' motion *in limine* not to have plaintiff offer any evidence regarding indemnification by the city of Chicago. However, if the defendants offer any evidence regarding their personal finances, plaintiff claims that defendants open the door to plaintiff 's evidence concerning indemnification by the City of Chicago.

15

12. <u>Settlement Status.</u>

Plaintiff's counsel and defendants' counsel have had several conversations concerning possible settlement, but no agreement has been reached. Plaintiff believes that, based upon statements of defendants' counsel, continued negotiations will be fruitless.

/s/    SHELDON NAGELBERG
Attorney for Plaintiff

/s/    CAROLINE FRONCZAK
Attorney for Defendants